Swing, Jas. B., J.
Memorandum opinion 'filed in the Common Pleas Court of Hamilton County, December 15, 1905.
This case is submitted upon a motion to make the answer more definite and certain. There is in the answer an allegation in general terms of contributory negligence. It is sought to have defendant required to “set forth more particularly wherein the plaintiff’s intestate was guilty of negligence.” Since the motion was submitted to me the superior court (Hoffheimer, J.) supra, has decided the same question in a written opinion which is quite clear and forcible, sustaining the motion. In that opinion it seems to be shown that, as is said’ in 5th Ency. of Pleading & Prae., page 12, “lite trend of the authorities is that a general averment that the plaintiff was guilty of negligence which contributed to the injury, and that he could -have avoided all damage by the exercise of proper care, is not sufficient; that the acts constituting such contributory negligence should be averred.” This is said as to states “where it is incumbent on the defendant to plead contributory negligence specially and.where the defense can not be made under a general denial. ’ ’ Since the decision of our Supreme Court in Cincinnati Traction Co. v. Forrest, decided October 31st, 1905, Ohio Law Reporter, Vol. 3, No. 34, page 12, Ohio must be said to be one of these states. The decision of Judge Hoffheimer seems to be in accord with *532 the statement of the law in The N. Y., Chicago & St. L. Railroad Co. v. Kistler, 66 O. S., 326, as follows:
“When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is„ not apparent, and a motion is made to require such pleading to be made more definite and certain, it is error to overrule such motion. ’ ’
In that case the court say, page 332, quoting the statute as above:
“This means that the court shall in a proper case require the pleading to be made definite and certain. It is not a mere matter of discretion. It is a substantial right to the party, ’ ’ etc.
The Kistler case was one for damages for personal injuries caused by negligence. It is said in the syllabus:
“In an action founded upon negligence, the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury.”
Should a different rule be applied to the answer ¶ I have thought that possibly a different rule might' with reason be applied to the answer in such a case, see 1 N. P.—N. S., 237 (Belden, J.), but in the face of the manifest “trend of the authorities” beyond our state, and “the trend,” as I understand it, of our own Supreme Court on the subject, and in view of the forcible reasoning of Judge TIoffheimer in the ease referred to, I do not feel warranted in so. holding. I do not feel warranted, under the circumstances, in applying to the answer in such cases a rule different from that applied in the petition. I do not feel warranted in saying that'a general allegation of contributory negligence in an (answer, does not present “a proper case” for the application of the rule stated in the Kistler ease, as well as does an allegation of negligence in the petition, both being pleadings. Without saying that some such distinction might not with reason be made, I simply do not feel warranted in making it. The motion is therefore sustained.